IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Arthur M. Field, Ph.D, *et al.*, | ) |
| | ) Civil Action No. 6:09-1949-HMH-BHH |
| Plaintiffs, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| | ) |
| Henry D. McMaster, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiffs, proceeding *pro se*, have brought this action alleging constitutional violations pursuant to 42 U.S.C. §§ 1983, 1985, 1988; 12 U.S.C. 3401, *et seq*.; and 28 U.S.C. 2201, 2202, and requesting the Court to enjoin threatened state prosecution. The plaintiffs have also pled various state law claims. The matter is before the Court on the plaintiff's motions for a temporary restraining order ("TRO") or, in the alternative, for a preliminary injunction. [Doc. at 6.] The Summons and Complaint, in this case, have not yet been served. The defendants have no formal notice of the motion. It, therefore, will be treated as one for a TRO. Fed. R. Civ. P. 65(b).

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." In its recent opinion in *Winter v. Natural Resources Defense Council, Inc.,* 129 S.Ct. 365, 374-76 (2008), the United

States Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id*. at 374. Critically, all four requirements must be satisfied. *Id*. Indeed, the Supreme Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 375-76.

Before the Supreme Court's decision in *Winter*, the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977), governed the grant or denial of preliminary injunctions and temporary restraining orders in the Fourth Circuit. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811-14 (4th Cir.1991); *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359-60 (4th Cir.1991); *see also Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir.1994) (applying Blackwelder test for a temporary restraining order).

This month, in *Real Truth About Obama, Inc. v. Federal Election Com'n*, 2009 WL 2408735 (4th Cir. August 5, 2009), the Fourth Circuit expressly concluded that the *Blackwelder* standard stood "in fatal tension with the Supreme Court's 2008 decision in *Winter*." *Id*. at *3. First, a plaintiff must now show that he will "likely succeed on the merits" regardless of whether the balance of hardships weighs in his favor. *Id*. Moreover, the

standard for likelihood of success on the merits requires more than simply showing that "grave or serious questions are presented" for litigation. *Id*. Second, the plaintiff must make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id*. That the plaintiff's harm might simply outweigh the defendant's is no longer sufficient. *Id*. Moreover, this showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits. *Id*. Third, the Court is admonished to pay "particular regard" to the "public consequences" of any relief granted. *Id*. Lastly, there no longer exists any flexible interplay between the factors; all four elements of the test must be satisfied. *Id*.

Applying this stricter standard to the present case makes it clear that no injunction or restraining order should issue in this case. Namely, it appears that the threat of prosecution does not qualify as irreparable harm sufficient to justify an injunction. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court recognized that principles of judicial economy, as well as proper state-federal relations, preclude federal courts from exercising equitable jurisdiction to enjoin *ongoing* state prosecutions. *Id*. at 43. But *Younger* does not have any direct application to the present case where no prosecution has actually been instituted. *See Wooley v. Maynard,* 430 U.S. 705, 709 (1977). When a genuine *threat* of prosecution exists, a litigant generally remains entitled to resort to a federal forum to seek redress for an alleged deprivation of federal rights. *See id*; *Steffel v. Thompson*, 415 U.S. 452, 462-63 (1974).

But the D.C. Circuit Court of Appeals has observed that the Supreme Court has

generally "upheld federal injunctions to restrain state criminal proceedings *only where the threatened prosecution chilled exercise of First Amendment rights*." *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir.1987) (emphasis added); *see, e.g., Wooley*, 430 U.S. 705 (threatened enforcement of unconstitutional statute requiring "Live Free or Die" motto on car license plate against those covering up motto); *Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975) (ordinance banning topless dancing, enforcement of which threatens to bankrupt petitioner); *Dombrowski v. Pfister*, 380 U.S. 479 (1965) (civil rights workers repeatedly prosecuted under state law broadly regulating speech); *see also Steffel*, 415 U.S. 452 (1974) (granting declaratory relief to handbill distributors repeatedly threatened with arrest).

The normal burdens and incidents of criminal prosecution, however, do not qualify as irreparable injury. "Although it is surely true that an innocent person may suffer great harm to his reputation and property by being erroneously accused of a crime, all citizens must submit to a criminal prosecution brought in good faith so that larger societal interests may be preserved." *Deaver*, 822 F.2d at 69; *(citing Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943); *Beal v. Missouri Pacific R.R. Corp.*, 312 U.S. 45, 49 (1941)). "Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Cobbledick v. United States*, 309 U.S. 323, 325 (1940).

So in the absence of some chilling effect on constitutional rights, as were involved in *Wooley*, *Doran*, *Dombrowski*, and *Steffal*, it seems that no injunction should lie for a merely threatened state prosecution. The plaintiffs, here, allege no such impingement on the exercise of any constitutional right, to wit, freedom of speech, etc. Instead they contend

that they "will be forced to withstand a brutal prosecution and the destruction of their families, their financial well-being and may be prevented from winding up CIF in a swift and orderly fashion." (Mot. TRO at 11.) This is precisely the type of injury which does not authorize the federal court to enjoin a threatened state prosecution. As stated, the ordinary burdens and risks of prosecution do not constitute the kind of irreparable harm sufficient to permit federal court intervention. *Deaver*, 822 F.2d at 69.

The plaintiff has certainly alleged that the investigation and threatened prosecution are in bad faith and for retaliatory motives. *Id*. at 4-5. The plaintiffs, however, have only catalogued procedural abuses and harassment of allegedly constitutional dimension, which may very well be true and accurate. *See id.* But the threats and abuses, while allegedly in violation *of* constitutional rights do not, in fact, threaten to impair the *exercise* of any such rights rights. The allegedly threatened prosecution relates to state corporate registration requirements and other business matters (Compl. at 7-9) and not to the plaintiff's exercise of their right to freedom of speech or some other constitutionally guaranteed right. Instead, the plaintiffs have framed the constitutional issues as one of abuse of executive authority and power, to wit, improper subpoenas, unconstitutional designation of attorney general as securities commissioner etc. (See Compl. at 17.) And to these such concerns, wrongful prosecution or unconstitutional procedural abuses, the plaintiffs are "thought to have an adequate non-injunctive remedy; [they] may raise [their] constitutional claim as a defense in the state criminal proceedings, once initiated." *Deaver*, 822 F.2d at 66. To borrow from *Younger* jurisprudence, "The policy of equitable restraint . . . is founded on the premise that

ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

In other words, to the extent the prosecution is fraudulent, here, the state courts have the ability and the authority, concomitant to that of the federal court, to reject it and vindicate the plaintiffs' rights. For example, if it is unconstitutional for the attorney general to act as a securities commissioner, the state court may resolve it. This Court need not intervene to ensure that outcome. The perceived threat of injury, therefore, cannot be characterized as irreparable. The plaintiffs have remedy, therefore, even were the threatened prosecutions to materialize. And, the burdens incident to prosecution are simply insufficient, even where the threatened prosecution and investigation have constitutionally relevant procedural defects. The fact that the plaintiffs believe they will "probably be destroyed" (Motion TRO at 15) is not evidence that the harm is irreparable. Destruction of their business will either be (a) averted by the protection, as to both state and federal constitutional rights, afforded in the state court system or (b) proven justified by the state's prosecution. Either way the state court should be trusted and respected, in this regard. The Court, therefore, believes that it is constrained to deny the preliminary relief sought, particularly prior to any notice to the defendants. In a separate order, the Court will order issuance of the summons for service with the Complaint by the plaintiffs.

A failure to establish any of the elements necessary for relief is fatal to the request for a temporary restraining order. *Winter*, 129 S.Ct. at 374. Insofar as the plaintiffs cannot establish that irreparable harm is likely, their motion should be denied.

**CONCLUSION**

Wherefore, it is RECOMMENDED that the Plaintiff's Motion for a Temporary Restraining Order [Doc. 6] be DENIED.

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

August 25, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).