IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Arthur M. Field, Ph.D., Kathryn Taillon, T. Bart Kelley, and Capital Investment Funding, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 6:09-1949-HMH-BHH |
| vs. | ) ) | **OPINION & ORDER** |
| Henry D. McMaster, Individually and as Securities Commissioner of South Carolina, William J. Condon, Jr., Individually and as an Assistant Securities Commissioner, Tommy Windsor, Individually and as Securities Investigator, Joe F. Jordan, Jr., Individually and as an Investigator of the Attorney General, Jennifer Evans, by Personal Representative, Lansing Logan, Individually and as a Special Investigator of the Attorney General, State of South Carolina Office of the Attorney General, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiffs Arthur M. Field, Ph.D. ("Field") and Kathryn Taillon ("Taillon"), proceeding pro se, filed a motion seeking a temporary restraining order ("TRO") or, in the alternative, a preliminary injunction, enjoining Defendants

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

from "threatened prosecution of the plaintiffs." (Mot. TRO 1.) In her Report and Recommendation, Magistrate Judge Hendricks recommends denying Field and Taillon's motion.[2]

Field and Taillon filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Field and Taillon's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate their claims. However, Field and Taillon have submitted two specific objections: (1) the magistrate judge applied the incorrect standard in deciding the motion for TRO and (2) the magistrate judge erred in finding that Field and Taillon did not demonstrate irreparable harm. (Objections 1-2.)

First, Field and Taillon allege that the "[m]agistrate applied the standards and cases for preliminary injunctive relief; not temporary restraining orders." (Id. at 1.) This objection is without merit. "The standard for granting either a TRO or a preliminary injunction is the same."

---

[2] Specifically, Magistrate Judge Hendricks recommends denying Field and Taillon's motion for a TRO. The magistrate judge did not consider a preliminary injunction because the "Summons and Complaint, in this case, have not yet been served [and the] defendants have no formal notice of the motion." (Report & Recommendation 1.) See Fed. R. Civ. P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party.").

Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006).  Thus, the magistrate judge did not err in citing to case law which discussed the standard for preliminary injunctions. Accordingly, Field and Taillon's objection is without merit.

Second, Field and Taillon allege that the magistrate judge erred in finding that they did not demonstrate irreparable harm.  Field and Taillon seek a TRO restraining Defendants from "issuing further threats of prosecution against Plaintiffs," and "pursuing further investigation of the Plaintiffs . . . in relation to the activities of Capital Investment Funding, LLC."  (Mot. TRO 2.)  Field and Taillon argue that "they are being investigated and suffer the real threat of prosecution . . . under the terms of the South Carolina Uniform Securities Act and contend such statute is unconstitutional on its face and as applied."  (Objections 2.)  Additionally, Field and Taillon allege that Defendants' threat of criminal investigation violates Plaintiffs' right "to be free from liability and the extreme burdens of litigation."  (Mot. TRO 3.)  Field and Taillon allege that the "threats of imminent criminal investigation" by Defendants has and will continue to cause them irreparable harm.  (Id. at 3.)

The magistrate judge concluded that "the threat of prosecution does not qualify as irreparable harm sufficient to justify an injunction."  (Report & Recommendation 3.) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008).  "[A]ll four requirements must be satisfied."  The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

"[W]hen a genuine threat of prosecution exists, a litigant is entitled to resort to a federal forum to seek redress for an alleged deprivation of federal rights." Wooley v. Maynard, 430 U.S. 708, 710 (1977). However, "a federal court should not enjoin threatened prosecutions except when necessary to prevent irreparable harm which is great and immediate." Bykofsky v. Borough of Middletown, 389 F. Supp. 836, 844 (M.D. Pa. 1975). Here, Field and Taillon allege that Defendants' threats of prosecution have been made in "bad faith." (Objections, generally). Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975).

Field and Taillon allege that Defendants have committed acts such as, "telephoned persons within and outside of South Carolina and informed such persons that . . . Plaintiffs [were] the subject of criminal investigation for securities fraud," "misused and abused and will continue to misuse and abuse their powers and positions as investigators by issuing subpoenae in the name of the Securities Commissioner . . . for their own devious purposes in violation of law and to cause irreparable injury to plaintiffs," "succeeded in wrongfully 'freezing' the accounts of Arthur Field, Taillon, Davyd Field and Allison Field," and "published . . . wrongfully obtained information to the Greenville News . . . to bias any future jury pool." (Mot. TRO 5.) Field and Taillon have not, however, established that Defendants have no legitimate claim against them.

Accordingly, while Defendants' alleged behavior may create defenses or separate causes of action, Field and Taillon have not demonstrated that the alleged threat of prosecution has been made in bad faith or will result in irreparable harm requiring the court to grant injunctive relief. For example, Field and Taillon have not demonstrated how they would be deprived of a constitutional right if the court did not grant them injunctive relief. Rather, Field and Taillon

4

assert that they wish to be protected from the burdens of litigation. The burden of litigation not brought in bad faith, however, is not an irreparable injury. Accordingly, Field and Taillon have failed to demonstrate that Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief. Thus, their objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendrick's Report and Recommendation.

It is therefore

**ORDERED** that Plaintiffs Field and Taillon's motion for a TRO, docket number 6, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 24, 2009

### NOTICE OF RIGHT TO APPEAL

The Plaintiffs are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.