IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Arthur M. Field, Ph.D.; Kathryn Taillon; T. Bart Kelly; and Capital Investment Funding, LLC.<br><br>Plaintiffs,<br><br>vs.<br><br>Henry McMaster, Individually and as Securities Commissioner of SC; William J. Condon, Jr., Individually and as Assistant Securities Commissioner; Tommy Windsor, Individually and as a Securities Investigator; Joe F. Jordan, Jr., Individually and as an Investigator of the Attorney General; Jennifer Evans, by Personal Representative; Lansing Logan, individually and as a Special Investigator of the Attorney General; State of South Carolina Office of the Attorney General,<br><br>Defendants. | Civil Action No.: 6:09-1949-HMH-BHH<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant State of South Carolina Office of the Attorney General's motion to dismiss [Doc. 41] pursuant to Federal Rule of Civil Procedure 12. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiffs brought this action *pro se*. This fact requires that their pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.

The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARDS**[1]

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, however, do not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, "only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id*. at 556 (emphasis added).

In ruling on a motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show

---

[1] The Fourth Circuit has been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See Andrews v. Daw,* 201 F.3d 521, 525 n.2 (4th Cir. 2000); *compare Biggs v. Meadows*, 66 F.3d 56, 58-59 (4th Cir.1995) (addressing dismissal on Eleventh Amendment grounds as dismissal for failure to state claim), *with Abril v. Virginia*, 145 F.3d 182, 184 (4th Cir.1998) (addressing dismissal on Eleventh Amendment grounds as dismissal for lack of subject matter jurisdiction), and *Republic of Paraguay v. Allen*, 134 F.3d 622, 626 (4th Cir. 1998). The defendant has not been specific in its motion, other than to say that it believes the Court has been divested of jurisdiction over it.

2

that a genuine issue of material fact exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991) (citing Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

## **DISCUSSION**

The defendant State of South Carolina Office of the Attorney General contends that the plaintiff's lawsuit against it should be dismissed insofar as the Eleventh Amendment deprives the Court of jurisdiction over the Office of the Attorney General, which is an agency of the State of South Carolina.

Of course, the Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Amendment has been interpreted to bar suits against a state by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651 (1974). But the prohibition is not as broad, in application, as the amendment's language and subsequent interpretation might suggest. Most notably, the United States Supreme Court has recognized an important and substantial exception to the rule that a state may not be sued by its citizens, insofar as the Eleventh Amendment does not bar suits against *state officials* who are alleged to have violated federal law. *See Ex parte Young*, 209 U.S. 123, 160 (1908). In *Young*, the Court found the Eleventh Amendment inoperative to bar suit under such circumstances because the officer is effectively "stripped of his official or representative character and subjected to the consequences of his official conduct." *Id.* It is upon this principle the plaintiff relies to withstand the defendant's motion to dismiss.

The defendant, however, is not an officer. It is a state agency, namely, the Office of the Attorney General. The Fourth Circuit and United States Supreme Court have made

3

plain that the *Ex Parte Young* "exception is irrelevant" where the suit is brought against the state agency "itself." *S.C. State Ports Auth. v. Fed. Mar. Comm'n*, 243 F.3d 165, 177 (4th Cir.2001); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) ( Ex parte Young "has no application in suits against the States and their agencies, which are barred regardless of the relief sought[.]"); *see Teague v. North Carolina Dept. of Transp.*, 2007 WL 2898707, at *3 (E.D.N.C. September 28, 2007).

There is no dispute but that the defendant, here, is the state agency, itself, and not the representative officer, the Attorney General. *Cf. Ex Parte Young*, 209 U.S. at 160 (involving suit against state attorney general). The defendant has not consented to suit; therefore, the Court cannot allow it.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the defendant State of South Carolina Office of the Attorney General's motion to dismiss [Doc. 41] be GRANTED as to all claims pending against it.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>
United States Magistrate Judge

March 3, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).