IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Arthur M. Field, Ph.D., Kathryn Taillon, T. Bart Kelley, and Capital Investment Funding, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 6:09-1949-HMH-BHH |
| vs. | ) ) | **OPINION & ORDER** |
| Henry D. McMaster, Individually and as Securities Commissioner of South Carolina, William J. Condon, Jr., Individually and as an Assistant Securities Commissioner, Tommy Windsor, Individually and as Securities Investigator, Joe F. Jordan, Jr., Individually and as an Investigator of the Attorney General, Jennifer Evans, by Personal Representative, Lansing Logan, Individually and as a Special Investigator of the Attorney General, State of South Carolina Office of the Attorney General, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Defendant, State of South Carolina Office of the Attorney General ("SCOAG"), filed a motion to dismiss alleging Eleventh Amendment

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

immunity. In her Report and Recommendation, Magistrate Judge Hendricks recommends granting SCOAG's motion to dismiss.

Plaintiff Arthur M. Field ("Field") filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Field filed one specific objection to the Report and Recommendation: the magistrate judge erred in finding that SCOAG is shielded by Eleventh Amendment immunity. (Objections, generally). Field argues that immunity should not exist for SCOAG because the relief sought by Plaintiffs is "prospective injunctive relief" and "no damages will be paid and the State Treasury will not be affected in any manner." (Objections 2-3.)

The Eleventh Amendment confers immunity to the states "from suits brought in federal courts by her own citizens as well as by citizens of another State." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). In Ex parte Young, 209 U.S. 123, 159-160 (1908), the United States Supreme Court carved an exception to Eleventh Amendment immunity by allowing a private party to file suit against state officials in their official capacity to prevent ongoing violations of the law. However, the Ex parte Young exception to immunity "is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has *no*

*application in suits against the States and their agencies, which are barred regardless of the relief sought.*" Metcalf & Eddy, Inc., 506 U.S. at 146 (emphasis added & internal citation omitted). Accordingly, state agencies "retain their immunity against all suits in federal court." Id. The South Carolina Office of the Attorney General is an agency of South Carolina. Consequently, SCOAG is immune from suit. As such, the court grants SCOAG's motion to dismiss all claims against it.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that SCOAG's motion to dismiss, docket number 41, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 18, 2010

### NOTICE OF RIGHT TO APPEAL

The Plaintiffs are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.